# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2140 | **DATE** | 2/6/2001 |
| **CASE TITLE** | Pacific Insurance Co. vs. Eckland Consultants, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants Ryder Stillwell's and Cove Properties' motion to dismiss Pacific Insurance Company's claims against them for lack of personal jurisdiction (6-1). The case remains set for status on February 16, 2001 at 9:30 a.m. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PACIFIC INSURANCE COMPANY,                )
                                          )
          Plaintiff                       )
                                          )
     vs.                                  )   Case No. 00 C 2140
                                          )
ECKLAND CONSULTANTS, INC.,                )
RYDER STILLWELL, INC., and                )
COVE PROPERTIES, LTD.,                    )
                                          )
                                          )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants Ryder Stillwell, Inc. and Cove Properties, Ltd. have moved to dismiss the claims of plaintiff Pacific Insurance Company against them for lack of personal jurisdiction. For the reasons stated below, the Court grants defendants' motion.

## FACTS

Pacific Insurance Company is in the insurance business; it was incorporated in Connecticut and maintains its principal place of business in that state. Defendant Eckland Consultants, Inc., which is in the business of providing architectural/engineering consulting services, was incorporated in Illinois and maintains its principal place of business here. In October 1996, Pacific issued to Eckland an Architecture and Engineers Professional Liability Policy for a term of three years.

Defendant Ryder Stillwell is a California corporation with its principal place of business in California. Defendant Cove Properties is a Texas limited partnership with its

1

principal place of business in Texas. Neither Ryder Stillwell nor Cove Properties have offices, assets, employees or facilities in Illinois. In March 1996, Eckland contracted with Ryder Stillwell and Cove Properties to inspect and evaluate their nine apartment buildings in Texas. Claiming that Eckland performed a faulty inspection report, Ryder Stillwell and Cove Properties sued Eckland in Texas state court, and in November 2000, they obtained a judgment for damages against Eckland.

Pacific asserts that it has no responsibility to cover Eckland's losses because Eckland had canceled the insurance and also had not given the notice required to make a valid claim under the insurance policy. Pacific has asked this Court to declare that none of the defendants have any right, title, or interest in the insurance policy in order to satisfy the claims of Ryder Stillwell and Cove Properties against Eckland.

## DISCUSSION

Ryder Stillwell and Cove Properties have moved to dismiss Pacific's claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Under this rule, "the court may consider matters outside the pleadings, such as affidavits and other materials submitted by the parties." *United Phosphorous, Ltd. v. Angus Chemical Co*, 43 F. Supp. 2d 904, 907-08 (N.D. Ill. 1999). The plaintiff bears the burden of demonstrating by a preponderance of the evidence that personal jurisdiction is proper.

Pacific Properties has failed to show that this Court has personal jurisdiction over defendants Ryder Stillwell and Cove Properties. "A federal district court exercising diversity jurisdiction has personal jurisdiction, of course, 'only if a court of the state in which it sits would have such jurisdiction.'" *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997) (quoting *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir.

2

1996)). "Under Illinois law, the plaintiff must show that personal jurisdiction [over the defendants] complies with: (1) the Illinois long-arm statute, (2) the Illinois state constitution, and (3) federal constitutional law." *Amato v. Creative Confections Concepts, Inc.*, No. 98 C 567, 1999 WL 184169, at *2 (N.D. Ill. Mar. 29, 1999). "Because the Illinois statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional inquiries -- one state and one federal." *RAR*, 107 F.3d at 1276. The Court will focus on whether federal constitutional requirements for personal jurisdiction have been met.

To establish personal jurisdiction, the Court must consider whether the defendants "[have] 'purposefully established minimum contacts within the forum State' and . . . whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *Id.* (quoting *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)). Integral to this inquiry is whether the defendants "should reasonably anticipate being haled into court [in the forum state]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). To establish a basis for personal jurisdiction, the defendants "must have derived some benefit from the state to justify being forced to litigate in what is likely to be an inconvenient forum." *Federated Electric Insurance Corp. v. Inland Power and Light Co.*, 18 F.3d 389, 394 (7th Cir. 1996). At issue is whether this Court has specific jurisdiction over Ryder Stillwell and Cove Properties, which requires that the action "arise out of" or "be related to" the defendants contacts with the forum state. *RAR*, 107 F.3d at 1277.

Pacific argues that this Court has personal jurisdiction over Ryder Stillwell and Cove Properties because they (1) contracted with Eckland, an Illinois corporation, (2)

3

have obtained a judgment against Eckland, and (3) are intending to "domesticate" their judgment against Eckland in Illinois. These assertions, whether considered separately or in the aggregate, are not sufficient to give rise to jurisdiction over the defendants. Though defendants did contract with Eckland, it is well settled that "an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *RAR, Inc.*, 107 F.3d at 1277; *see Burger King*, 471 U.S. at 478. The inquiry is not whether the Ryder Stillwell and Cove Properties had contacts with an Illinois company, rather it is whether they had the requisite contacts with Illinois. Pacific does not contend that defendants had any connection with Illinois or that they so much as visited Illinois in connection with their contract with Eckland. The fact that Eckland is an Illinois corporation was merely incidental to the contract, for it was wholly performed in the state of Texas; there is no claim that the defendants derived any benefit from Illinois or that they "purposefully avail[ed]" themselves of the benefits of Illinois law such that litigation in this forum was reasonably foreseeable. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The Court likewise does not have jurisdiction over the defendants merely because they sued an Illinois company. That lawsuit was litigated in Texas and was decided under the laws of Texas; it had nothing to do with Illinois. When a party files an action in a particular state, its submits itself to the jurisdiction of that state, not to the jurisdiction of the home state of the party that it sues.

Pacific's contention that defendants intend to domesticate their judgment against Eckland in Illinois adds nothing to the analysis. While courts may consider contacts occurring after the event underlying the lawsuit, "they do not take the extra step of

4

holding that post-complaint conduct is relevant." *United Phosphorus, Ltd.*, 43 F. Supp. 2d at 909-10. And here, the alleged conduct has not even occurred; it is merely believed to be likely. Pacific cannot base this Court's assertion of personal jurisdiction over defendants on the possibility that they will have contacts with the forum state at some future time. Courts do not extend personal jurisdiction over non-resident defendants on the basis of "maybes" and "probablies," rather they do so only on the basis of real, actual, and concrete occurrences that the defendants have had with the forum state. Here defendants had none.

## CONCLUSION

For the foregoing reasons, the Court grants Ryder Stillwell's and Cove Properties' motion to dismiss Pacific Insurance Company's claims against them for lack of personal jurisdiction [Item 6-1]. The case remains set for a status hearing on February 16, 2001 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: February 6, 2001

5