Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2140 | **DATE** | 11/5/2001 |
| **CASE TITLE** | Pacific Insurance Co. Vs. Eckland Consultants, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Pacific Insurance Company's motion for summary judgment (20-1) is granted. Judgment is entered in favor of plaintiff Pacific Insurance Company. Plaintiff has no obligation to defend Eckland Consultants, Inc. against the action brought against it by Ryder Stillwell, Inc. and Cove Properties, Ltd., Case No. 98-08235, pending in the District Court of Harris County, Texas.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 37 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 NOV -7 PM 4:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PACIFIC INSURANCE COMPANY )
)
Plaintiff, )
)
vs. ) Case No. 00 C 2140
)
ECKLAND CONSULTANTS, INC., )
RYDER STILLWELL, INC. and COVE )
PROPERTIES, LTD. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Pacific Insurance Company brought this declaratory judgment action against its former insured, Eckland Consultants, alleging that it has no duty to indemnify or defend Eckland in a lawsuit brought against it by Ryder-Stillwell and Cove Properties. Before the Court is Pacific's motion for summary judgment based on Eckland's failure to provide timely notice of the Ryder-Stillwell lawsuit as required by the insurance policy. For the reasons stated below, the motion is granted.

### Facts

Eckland is a provider of architectural and engineering consulting services, including the preparation of inspection reports that evaluate the structural condition of buildings and their compliance with building codes. Eckland carries professional liability insurance to protect it in the event of an error or omission in the provision of its consulting services.

Defendant Pacific Insurance issued Eckland an Architects and Engineers Liability Policy (the "Policy") which covered the period of October 24, 1996 to October 24, 1999. This Policy provided coverage to Eckland for all claims that were (1) "first made" against Eckland during the policy period; and (2) reported to Pacific during the policy period or within sixty days after the expiration or termination of coverage. Policy, §§ I(D), (E). Under the Policy, a "claim" includes any demand against Eckland arising out of errors or omissions in the performance of its consulting services. Policy, § I (A). The Policy further provides that all claims are to be reported to First State Management Group, Inc. at an address provided in the Policy. For reasons unrelated to this lawsuit, Eckland cancelled its Policy with Pacific effective October 24, 1998.

On February 20, 1998, Ryder-Stillwell and Cove Properties sued Eckland in Texas state court seeking damages from Eckland based on an inspection report it prepared for an apartment complex. The parties do not dispute that this lawsuit was a claim that was "first made" against Eckland within the Pacific policy period. It is also undisputed that Eckland did not report the claim to First State Management Group until March 24, 1999 – well beyond the time period for reporting claims under the Policy. At that time, James Wheeler of Eckland wrote a letter to First State Management regarding the Ryder-Stillwell litigation and enclosing various court papers and other documents. Pacific asserts that this March 1999 letter was the first notice it had of the litigation.

Eckland does not dispute that it failed to report the claim to First State Management until March 1999. However, Eckland claims that it provided notice of the lawsuit in March 1998 (within the reporting period) via letter to Terry Lee of Professional Design Insurance ("PDI"), an insurance broker that procured the Pacific Policy for Eckland. Eckland

argues that PDI was Pacific's agent and that notice to PDI was sufficient under the Pacific Policy. Lee denies receiving the March 1998 letter from Eckland until October 1999, when Eckland faxed Lee a copy of the letter.

**Discussion**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Pacific argues that there is no genuine issue of material fact that Eckland failed to comply with the notice provision of the Policy, and it seeks a ruling from this Court that it has no duty to indemnify Eckland in the Ryder-Stillwell suit.

Eckland advances three arguments in response to Pacific's summary judgment motion: (1) it provided timely notice of the lawsuit to PDI, an entity that Eckland contends is Pacific's agent; (2) even if it failed to provide timely notice, Pacific was not prejudiced by the late notice; (3) even if it failed to comply with the technical notice requirements in the Policy, Pacific still had "actual notice" of the lawsuit. None of these arguments is sufficient to fend off summary judgment.

*Notice Provided to PDI*

It is undisputed that Eckland failed to notify First State Management – the entity designated for notice in the Policy – of the Ryder-Stillwell suit within the policy period. Instead,

-3-

Eckland argues that it provided timely notice to PDI who it contends, and Pacific disputes, is Pacific's agent. We need not reach the question of agency, however, because Eckland has failed to provide evidence that it notified anyone of the lawsuit during the time period required by the Policy.

Eckland contends that it sent a letter to Lee of PDI, dated March 30, 1998, enclosing the Ryder-Stillwell complaint. However, in connection with Pacific's summary judgment motion, Lee submitted an affidavit attesting that he did not receive the March 30, 1998 letter until Eckland faxed him a copy on October 28, 1999 – well beyond the time period for reporting claims under the Pacific Policy.[1] *See* Lee Affidavit, ¶ 4, attached as Exhibit 3 to Plaintiff's Statement of Undisputed Material Facts. Eckland has not directly challenged Lee's statements.

As Eckland correctly notes, the law has long recognized that evidence of proper mailing creates a rebuttable presumption of delivery. *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993) (citations omitted). However, to invoke this presumption of delivery, Eckland must present "evidence of actual mailing such as an affidavit from the employee who mailed the [letter], or present[ing] proof of procedures followed in the regular course of operations which give rise to a strong inference that the [letter] was properly addressed and mailed." *Id.* at 338. Further, "[t]he mere proof of usual or customary business practice in the mailing of correspondence is not sufficient proof of mailing of a specific item. There must be proof that the practice was followed in the mailing of the particular item in question." *Lynn v.*

---

[1] Lee further suggests in his affidavit that the impetus for the October 28, 1999 letter was that Eckland's new insurance carrier advised it to tender notice of the Ryder-Stillwell claim to its previous carrier, Pacific. Lee Affidavit, ¶ 6.

-4-

*Village of West City*, 36 Ill. App. 3d 561, 564, 345 N.E.2d 172, 175 (1976); *see also First National Bank of Antioch v. Guerra Construction Company*, 153 Ill. App. 3d 662, 667, 505 N.E.2d 1373, 1376 (1987) (evidence of general office practice of mailing is insufficient unless accompanied by evidence that practice was followed in the instance at hand).

Eckland has failed to provide sufficient evidence to give rise to a presumption that the March 30, 1998 letter was actually sent and delivered. To support its claim, Eckland offers the testimony of Robert Eckland, the company's CEO and the author of the March 1998 letter. However, Eckland does not claim to have mailed the letter, nor does he attest to the procedures followed in the regular course of operations to ensure proper addressing and mailing of the letter. In fact, Eckland testified in his deposition that he had no personal knowledge at all regarding how the letter was sent to Lee or who sent it. Eckland Dep. at 46-47. The only evidence Eckland offers is that the letter must have been mailed because, "it was Eckland's custom and practice to send business communications via U.S. Mail unless otherwise specified." Eckland Affidavit, ¶ 5. This is insufficient to give rise to a presumption of delivery, for Eckland has offered no evidence that this practice was followed in this instance. Without the presumption, and in the absence of evidence undercutting Lee's denial of receipt, there is no evidence supporting Eckland's claim that it provided timely notice.

## *Prejudice to Pacific*

Eckland argues that even assuming it failed to give timely notice of the claim under the Policy, summary judgment is still inappropriate because Pacific was not prejudiced by the delay. However, Illinois law is clear that the issue of prejudice is irrelevant in the context of a "claims-made" insurance policy like the Pacific Policy. By way of background,

conventional liability insurance polices or "occurrence" policies "insure against a negligent or other liability-causing act or omission that occurs during the policy period regardless of when a legal claim arising out of the act or omission is made against the insured." *National Union Fire Insurance Company of Pittsburgh v. Baker & McKenzie*, 997 F.2d 305, 306 (7th Cir. 1993). Because an occurrence policy can expose an insurance company to indefinite future liability, companies often also offer a less expensive option known as a "claims-made" policy, which generally limits liability to claims made and reported during the policy period. *See id.* The parties do not dispute that the Pacific Policy is a "claims-made" policy.

Eckland argues that "[n]o Illinois court has held that a notice-prejudice analysis is precluded under a claims-made policy ... ," Defendant's Response to Summary Judgment, p. 12, and that Pacific should be required to indemnify Eckland because it was not prejudiced by Eckland's late notice.[2] We disagree. In *Continental Casualty Company v. Cuda*, 306 Ill. App. 3d 340, 715 N.E.2d 663 (1999), the court noted that coverage under a "claims-made" policy at issue is triggered when: (1) a claim is made during the policy period; and (2) the claim is reported during the policy period (or, as is the case here, during some set period after the expiration of coverage). *Id.* at 349, 715 N.E.2d at 669. In response to the insured's claim that the insurance company was not prejudiced by its late notice, the Court stated "where the giving of notice is a condition precedent to a right of action against the insurance company, the prejudice resulting from the delay in giving notice is deemed immaterial." *Id.* at 350, 715 N.E.2d at 669 (citing

---

[2]Eckland also argues that because Ryder Stillwell (the plaintiff in the underlying lawsuit) is a California company, the Court should apply California law to this dispute. Illinois applies a "most significant contacts" test to determine what state's law should govern. *Jupiter Aluminum Corp. v. Home Insurance Co.*, 225 F.3d 868, 873 (7th Cir. 2000). The "contacts" with California here are tenuous at best, and thus we will apply Illinois law to the dispute.

*University of Illinois v. Continental Casualty Co.*, 234 Ill. App. 3d 340, 365, 599 N.E.2d 1338 (1992)); *see also The Home Insurance Company of Illinois v. Adco Oil Company*, 154 F.3d 739, 742 (7th Cir. 1998) (applying Illinois law) (noting that "[n]o case we have found ... invokes public policy to require the underwriter of a claims-made policy to defend or indemnify a claim of which it did not learn until after the policy expired," and remanding to district court with instructions to enter a declaratory judgment that plaintiff had no duty to defend or indemnify insured); *Montgomery Ward & Company, Inc. v. The Home Insurance Company*, 324 Ill. App. 3d 441, 753 N.E.2d 999, 1004 (2001) ("[a] notice provision [in an insurance contract] is a valid condition precedent and not a mere technical requirement that the insured is free to overlook or ignore with impunity").

The Policy clearly provided that Eckland was insured for all claims that were "first made" within the policy period *and* reported "not later than 60 days after expiration or termination of coverage, in accordance with the Notice of Claims conditions of this policy." Policy, § I (E). Eckland failed to comply with this unambiguous reporting requirement, and the existence or non-existence of prejudice to Pacific is immaterial.

*Actual Notice*

Eckland finally argues Pacific is not entitled to deny coverage because it received "actual notice" of the claim (via the March 24, 1999 letter to First State) in time to locate and defend the Ryder-Stillwell lawsuit and that this "actual notice" somehow obligates Pacific to defend Eckland. This argument also misses the mark. Eckland still has not shown that Pacific received any notice ("actual" or otherwise) within the Policy period, and, as we discussed above, any prejudice to Pacific from Eckland's late notice is irrelevant.

## CONCLUSION

For the reasons stated above, Pacific Insurance Company's motion for summary judgment (docket item 20-1) is granted. The Clerk is directed to enter judgment as follows: Judgment is entered in favor of plaintiff Pacific Insurance Company. Plaintiff has no obligation to defend Eckland Consultants, Inc. against the action brought against it by Ryder Stillwell, Inc. and Cove Properties, Ltd., Case No. 98-08235, pending in the District Court of Harris County, Texas.

Dated: November 5, 2001

MATTHEW F. KENNELLY
United States District Judge